Anthony O. Egbase, Esq. SB#181721
Law Offices of Anthony O. Egbase & Associates
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071
Tel: (213) 620-7070; Fax: (213) 620-1200

Attorney for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In Re:

**SEQUOIA DAY INVESTMENT INC.**

**Debtor-in-Possession**

CASE #: 2:10-bk-39295-TD
Chapter 11

**DEBTOR'S EX PARTE EMMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES**

Memorandum of Points And Authorities.

Filled Concurrently with Declaration of Theresa Aduba on Behalf Of Debtor in Support of First Day Motions

[No Hearing Required Unless Requested Pursuant to LBR 9013 (o)]

Place: Courtroom 1345
255 East Temple Street,
Los Angeles, CA 90012

PLEASE TAKE NOTICE that Debtors and Debtors in Possession:

(i)    SEQUOIA DAY INVESTEMENT INC (Debtor) Debtor in possession in Case No. 2:10-bk-39295

(ii)   THERESA ADUBA, (Debtor) Debtor in possession in Case No. 2:10-bk-39330

---

**DEBTOR'S EMMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES**

-1-

hereby moves the court, by way of this notice of motion (the "Notice") and motion (the "Motion for the entry of an order of the Court authorizing and directing the joint administration of the Debtors' pending chapter 11 cases (the "Cases").

As set forth in the further detail in the annexed memorandum of points and authorities (the "Memorandum") and the declaration of Theresa Aduba in support of First Day Motion, filled concurrently in support thereof (the Aduba's Declaration"), good cause for the joint administration of the Debtors' Cases exists because, among other things, (1) nearly all of the Debtor THERESA ADUBA debt arises from guaranties of SEQUOIA DAY INVESTEMENT INC (SEQUOIA) debt, (2) Theresa Aduba who owns 100% of the shares of SEQUOIA, has a vested interest in obtaining a successful outcome in both cases, (3) there will be a number of overlapping issues in the Cases, (4) the interests of judicial economy would be served by jointly administering the Cases, (5) joint administration will avoid duplicative expenses, and (6) joint administration will help to ensure that creditors in the Cases will receive appropriate notice of pertinent matters,

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon 11 U.S.C. § 105(a), Fed, R. Bankr, P. 1015, Local Bankruptcy Rules 1015-1 and 9013-1(0), this Notice of Motion and Motion, the Memorandum, the Aduba's Declaration, the entire record of the Cases, the statements, arguments and representations of counsel to be made at the hearing on the Motion, if any, and any other evidence properly presented to the Court at or prior to any hearing on the Motion,

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(0) (1) requires that any response and request for hearing of this Motion must be filed with the Court and served on the Office of the United States Trustee and Debtors' counsel, whose name and address is set forth in the upper, left-hand corner of this Notice.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order:

(a)   affirming the adequacy of the notice 'given;

(b)   granting the Motion in its entirety;

**DEBTOR'S EMMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES**

1  (c)  authorizing the joint administration of the Cases;

2  (d)  approving the form of caption suggested by the Debtors herein; and

3  (e)  granting such other and further relief as the Court deems just and proper under the

4  circumstances of the Cases.

Dated: July 15 , 2010                SEQUOIA DAY INVESTEMENT INC

_____/s/ Anthony O. Egbase_____
ANTHONY O. EGBASE , ESQ.
Proposed Attorney for Debtor and Debtors in Possession
Sequoia Day Investment, Inc and Theresa Aduba.;

## STATEMENT OF FACTS
### The Debtors and the Filing of the Debtors Chapter 11 Bankruptcy Cases.

### FACTUAL BACKGROUND

1. On July 16, 2010, Debtor Sequoia Day Investment Inc. ( SEQUOIA or Debtor) filed a voluntary petition in this Court for reorganization relief pursuant to Chapter 11 of the Bankruptcy Code. Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 16, 2010, Debtor Theresa Ngozi Aduba also filed a voluntary petition for reorganization relief pursuant to Chapter 11 of the Bankruptcy Code. Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Debtor Theresa Aduba is the Principal of Debtor SEQUOIA, she owns 100% of the shares of SEQUOIA, and personally guaranteed all the Debts owned by SEQUOIA.

2. **Business operations of Debtor.** The Debtor SEQUOIA is a residential real estate leasing company. The Debtor currently possesses 4 real estate properties in Los Angeles, California, they comprises of apartment building and single family residence.

3. **Creditors' Committee.** No creditors' committee has yet been appointed by the United States Trustee.

4. **Pre-petition History.**

The Debtor (SEQUOIA) is a real estate property investment and leasing Management Company and currently possesses 4 different real estate properties in Los Angeles, California. The Debtor currently has about 80% occupancy of its properties and the Debtor's principal Theresa Aduba solely administers the Debtor's real property leasing business.

1. The Debtors financial difficulties started in 2008, when the Debtor had low cash flow due to vacancies in the properties and inability of the Debtors principal to provide the required financial support to the Debtor. Consequently the Debtor fell behind on its tax liability on the properties.

**DEBTOR'S EMMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES**
-4-

2.  As the Debtor cash flow improved, it tried to tried to resolve the delinquent taxes on the properties, just then Lender J.P. Morgan Chase proceeded to pay all the delinquent taxes on the property located at 12313 York Avenue Hawthorne, California 90250, (the York Avenue property) . Lender J.P. Morgan Chase has refused to engage in any work out arrangement with the Debtor to redress the delinquent taxes that it paid on the York Avenue property, instead lender J.P. Morgan Chase insisted on foreclosing on the real estate property.

The Debtor's principal Theresa Aduba personally guaranteed the loans securing the properties, the Debtor principle has also commenced a chapter 11 case in order to restructure and reorganize her obligations and liabilities.

Additional information on Debtor and the events leading up to this case are set forth in the Aduba's Declaration in support of first day motions concurrently filed herewith.

## II.

### DISCUSSION

F.R.B.P 1014(b) provides "Procedure when petitions involving the same debtor or related debtors are filed in different courts.

If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor, or(2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, on motion filed in the district in which the petition filed first is pending and after hearing on notice to the petitioners, the united states trustee and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or case should proceed. Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made)"

SEQUOIA DAY INVESTEMENT INC (Debtor) Debtor in possession in Case No. 2:10-bk-39295, first filed it's petition on July 16, 2010;

**DEBTOR'S EMMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES**

-5-

Afterwards, Debtor, THERESA ADUBA (Debtor) and Debtor in possession in Case No. 2:10-bk- 39330, filed her petition afterwards on July 16, 2010;

The Debtors hereby request that the Court approve joint administration of their estates. Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides (hat the Court may order the joint administration or cases involving a debtor and an affiliate[2] where such an order "may tend to avoid unnecessary costs and delay." Fed, R. Bankr, P. 1015(b) (4) & (c),Bankruptcy Rule 1015 is designed to promote the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. See 8 Collier on Bankruptcy ¶ 1015.03 (15th Ed. 1990); In re Brookhollow Assocs., 435 F.Supp. 763, 766 (D. Mass. 1977), aff'd, 575 F.2d 1003 (1st Cir.1986) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with Substantial interests in common"); In re H&S Transportation Co., 55 B.R. 786 (Bankr. M.D.Term. 1985).

Unlike substantive consolidation which pools the assets and liabilities or related entities, joint administration is merely procedural; each of the Debtors' estates herein would remain a separate legal entity and individual rights against each estate are preserved. In re N.S. Garrott & Sons, 63 R.R. 1 89, 191 (E.D. Ark. 198.6); In re Arnold, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983).

Joint administration of the Cases is warranted and appropriate under Bankruptcy Rule 1015(b). As set forth above, (1) nearly all of Theresa Aduba's debt arises from guarantees of debtor SEQUOIA's debt, (2.) Debtor Theresa Aduba has a vested interest in obtaining a successful outcome in both cases, (3) there will be a number of overlapping issues in the Cases, (4) the interests of judicial economy would be served by jointly administering the cases, (5) joint administration will avoid duplicative expenses and (6) joint administration will help to ensure that creditors in the Cases will receive appropriate notice of pertinent matters.

Therefore, the affairs of the Debtors are sufficiently intertwined to make joint administration of the Cases more efficient and economical than separate administration. Joint

Administration will greatly reduce the costs in administering these Cases and would serve to eliminate any potential confusion and waste associated with maintaining separate dockets. Moreover, joint administration would eliminate the need for filing duplicative pleadings in each of the Cases and would reduce the burden for the Clerk's Office in administering the Cases.

Further, the Debtors believe that there would be no material prejudice to any creditor if the Cases are jointly administered, indeed, creditors of the Debtors' estates will benefit from the reduction of administrative costs and fees. Moreover, to the extent any conflict between the estates herein arises, the Court may take further steps to modify order of joint administration or the orders employing ANTHONY O. EGBASE & ASSOCIATES to eliminate any such conflict. In light of the foregoing, the Court should exercise its discretion under Bankruptcy Rule 1015(b) and order joint administration of the Cases.

In the event the Court orders joint administration of the Cases, the Debtors respectfully suggest that the SEQUOIA DAY INVESTEMENT INC, case be used as the lead case, as it has a lower case number, and that the following caption indicated below be approved

### UNITED STATE BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re** <br><br> SEQUOIA DAY INVESTEMENT INC <br><br><br> In re: THERESA NGOZI ADUBA <br><br> **Debtors** | Chapter 11 Cases <br><br> Lead Case No. **2:10-BK-39295**, <br> (Jointly Administered with: <br><br> In Re: Theresa Aduba, Case No: <br> **2:10-bk-39330** |
| ☐ Affects All Debtors <br> ☐ Affects Theresa Aduba | **Hearing:** <br> Date:_____, 2010 <br> Time: _____ <br> Ctrm: _____ <br> 255 East Temple Street, <br> Los Angeles, CA 90014 |

DEBTOR'S EMMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES

### III.

### CONCLUSION

Based on the foregoing. the Debtors submit that approval by this Court of the Motion is in the best interests of the Debtors estates and respectfully request that the Court enter an order:

(a)    affirming the adequacy of the notice given;

(b)    granting the Motion in its entirety;

(c)    authorizing the joint administration of the Cases;

(d)    approving the form of caption suggested by the Debtors   herein; and

(e)    granting such other and further relief as the Court deems just and proper under the circumstances of the Cases.

Dated: July 15, 2010        /s/ Anthony O. Egbase
                            Anthony O. Egbase.
                            Proposed Attorney for Sequoia Day Investment,
                            Inc.; Theresa Ngozi Aduba