

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>Sequoia Day Investment, Inc.,<br><br><br><br><br><br>Debtor. | Case No: 2:10-bk-39295-TD<br><br>Chapter: 11<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED OR CONVERTED TO A CHAPTER 7 CASE<br><br>Date:  October 13, 2010<br>Time:  10:00 a.m.<br>Location:  Courtroom 1345 |

TO THE DEBTOR, TO THE DEBTOR'S ATTORNEY ANTHONY EGBASE, TO THE UNITED STATES TRUSTEE, AND TO ALL OTHER PARTIES IN INTEREST IN THE ABOVE-ENTITLED CASE:

NOTICE IS HEREBY GIVEN, AND IT IS HEREBY ORDERED that Mr. Egbase and any party in interest show cause, if any there be, at the time and place specified above, why this case should not be dismissed or converted to a Chapter 7 case based on the following reasons:

1.   Debtor failed to timely file a status conference report for the September 8, 2010 status conference hearing.  Per my order requiring a status report, entered July 21, 2010, Debtor was required to file a status conference report 14 days prior to the status conference

- 1

hearing. Debtor filed the status report on August 30, 2010 which was only 9 days before the hearing.

2. Debtor failed to timely deliver a judge's copy of the status conference report to chambers, as required by Court Manual, Section 3-5(b)(3). A copy of the report was not received until September 7, 2010. A judge's copy must be served on the court within 24 hours of filing. Court Manual Section 3-5(b)(3).

3. On July 19, 2010, Debtor filed an Emergency Motion for an Order Extending Time for Debtor to (1) File Schedules of Assets and Liabilities and Statement of Financial Affairs; and (2) Submit Creditor Matrix (docket number 4). Debtor's schedules and verification of creditor mailing list were due July 30, 2010. On July 30, 2010, Debtor filed schedules and a form "Master Mailing List: Verification of Creditor Mailing List," which appears as page 31 to Debtor's papers.

    (a) Since Debtor filed the schedules on July 30, 2010, the first part of the motion become moot and Debtor should have withdrawn this portion of the motion.

    (b) Under LBR 1007-1(a), a master mailing list must be filed in every case and include the name, mailing address, and zip code of each creditor listed on Schedules D, E, and F. On July 30, 2010, Debtor filed a form "Master Mailing List: Verification of Creditor Mailing List." Although Debtor certified under penalty of perjury that there was an attached 3 sheet list of creditors, page 31 (the verification form) is the only page of the document. There are no additional pages attached listing creditors. The court is unable to verify the addresses of the creditors served without a Master Mailing List.

4. On July 19, 2010, Debtor filed a Motion for Joint Administration Filed by Debtor Sequoia Day Investment, Inc. (docket number 5). The Motion was set for hearing on August

12, 2010. The hearing was taken off calendar. However, if 2 or more cases are pending before the same judge, LBR 1015-1(b) allows an order to be entered, without notice and an opportunity for a hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015, supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest. LBR 1015-1(b)(1). Debtor has since that time, July 19, failed to lodge an order and an appropriate supporting declaration.

    5.    On July 19, 2010, Debtor filed a Motion for Continuation of Utility Service and Approval of Adequate Assurance of Payment to Utility Company Under Section 366(b). This motion was originally set for hearing on August 12, 2010. The matter was continued to September 8, 2010. Debtor failed to properly serve the interest parties (the utility companies) with notice of the continued hearing.

    6.    A Cash Collateral Stipulation between Debtor and Creditor Beach Business Bank was filed on August 10, 2010 (docket number 27). Pursuant to LBR 4001-2(b) through (d), a Financing Motion must identify whether the underlying cash collateral stipulation contains specified provisions. It must also include a summary of essential terms, and must be accompanied by court-approved Form 4001-2 or a statement consistent with LBR 4001-2 or a statement consistent with the form. None of this was filed with the Cash Collateral Stipulation.

    7.    Debtor's Proof of Service attached to the cash collateral motion states that the "Attorney for 'SLS, LLC'" was served by U.S. Mail or Overnight Mail. No specific attorney is named. Debtor identified "Prober & Raphael, a law corporation, bankruptcy dept," apparently as attorney for "SLS, LLC." The abbreviation SLS, LLC is improper in that it fails to identify properly the affected secured creditor in this case: Specialized Loan Servicing, LLC. Under

LBR 9013-3(a)(2)(B), entities must be identified in a Proof of Service. An example of how service on an attorney must identify the attorney lists: a heading "ATTORNEY FOR _____", the attorney's name, the law firm, and the address. Under FRBP 7004(b)(3), service upon a corporation must be made by providing notice "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Further, many creditors Debtor served were served at P.O. Box addresses. In re Villar, 317 B.R. 88 (9th Cir. BAP 2004) states that mail addressed only to a P.O. Box for a corporation or to a law firm and not to any specific corporate officer does not comply with service requirements. The court noted in Villar that FRBP 7004(b) is not satisfied where Debtor does not provide evidence that an attorney was authorized by the entity to be served to receive service of process on behalf of the entity. Debtor does not provide any evidence that Prober & Raphael is authorized to receive service of process on behalf of Specialized Loan Servicing, LLC.

The foregoing shortcomings and other discussed at a hearing in this matter as well as a related matter, both on September 8, 2010, lead me to the conclusion that Mr. Egbase may not be qualified by training or experience to represent these or other debtors in chapter 11 cases in this district.

FURTHER ORDERED that any response to this Order To Show Cause shall be served upon all parties in interest and filed with the Clerk of this Court not later than October 6, 2010.

DATED: September 16, 2010


United States Bankruptcy Judge

- 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTE TO USERS OF THIS FORM**:
**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**)  **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  **_Fill in Name of Order/Judgment_**  was entered on the date indicated as ΑEntered≅ on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (ΑNEF≅)** Β Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **_Fill in Date Order is Lodged_**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an ΑEntered≅ stamp, the party lodging the judgment or order will serve a complete copy bearing an ΑEntered≅ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page